In the Matter of the Application of JOHN J. KILCOYNE, Appellant, for a Mandamus Order against WALTER J. LOHR, as Mayor of the City of Lackawanna, and Others, Respondents.

Fourth Department, May 8, 1929.

*David Diamond,* for the appellant.

*John W. O'Connor, Corporation Counsel* [*George B. Doyle* of counsel], for the respondents.

CROUCH, J. The appeal is from an order denying the motion of petitioner for a mandamus order, requiring recognition and payment as secretary of the board of assessors of the city of Lackawanna.

In 1920 the common council of the city of Lackawanna by resolution duly created the office of secretary of the board of assessors. In *People ex rel. Toomey* v. *Heath* (199 App. Div. 909) it was subsequently held that the board of assessors was thereby given the power to appoint a secretary and that the position was in the exempt class of the classified service.

In November, 1927, the common council, without revoking that power of appointment, but clearly intending to continue the position with unchanged duties, passed a resolution which, after reciting certain matters intended to show that the position should be classified as competitive rather than exempt, read as follows:

" Be It *Resolved,* That the person acting in the capacity of Clerk of the Board of Assessors be placed under the Civil Service Classified list."

It may be assumed that the common council intended thereby to change the name of the position from " secretary " to " clerk " and to classify it in the competitive class of the classified service. Since the nature of the duties of the position was not changed, it is not clear how the council, by an arbitrary change of name, could, even if it had the power to classify, change a position judicially determined as being in the exempt class to the competitive class. But the council did not and does not have the power to classify. That power rests primarily in the municipal civil service commission. (Civ. Serv. Law, § 11, as amd. by Laws of 1923, chap. 177.)

However, the municipal commission, acting under a resolution of the council directing it so to do, conducted an examination for the position. One William J. Barlow was certified by the municipal commission to the council as having passed the examination and thereupon on December 15, 1927, the council on motion appointed Barlow as clerk of the board of assessors. There is evidence that the board of assessors also appointed Barlow.

On January 2, 1928, the board of assessors, as then constituted, appointed the petitioner as its secretary, disregarding the November, 1927, resolution of the common council and the subsequent proceedings thereunder. The appointment was certified to the municipal civil service commission, which has failed and refused to certify petitioner's name upon the payroll, and the city treasurer has refused to pay his salary since his appointment.

If we assume that the act of the municipal commission in holding an examination and certifying the result to the common council

is sufficient to show that it had adopted a rule, in the manner prescribed by section 11 of the Civil Service Law, for the classification of the position in the competitive class, still the fact remains that such action was palpably illegal. (*People ex rel. Toomey* v. *Heath, supra;* Civ. Serv. Law, § 13, as amd. by Laws of 1927, chap. 440.)

If, because of such illegality, the appointment of Barlow is sought to be sustained as an appointment to an exempt position, then his tenure ended with the tenure of the body which appointed him and by the appointment of petitioner by an entirely new body.

We think the appointment of petitioner was valid notwithstanding the classification attempted by the common council and by the municipal commission, if such there was.

The order appealed from should be reversed on the law, with costs, and a peremptory order of mandamus granted as prayed for, with fifty dollars costs and disbursements.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Order reversed on the law, with costs, and peremptory order of mandamus granted, with fifty dollars costs and disbursements.